968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack LOSEE, Plaintiff-Appellant,
and
James J. Sullivan, Plaintiff,
v.
Jim BARKLEY, Frank Strickler, Terry Smith, Lt., Defendants-Appellees,
and
Steven J. Davies, D. Brownfield, Defendants.
 No. 92-3089.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1992.
 
 Before MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This appeal is from an order of the district court denying all relief in a case in which plaintiff Losee alleges that his civil rights pursuant to 42 U.S.C. § 1983 were violated during disciplinary proceedings at Lansing Correctional Facility in Lansing, Kansas. The district court found the appeal frivolous and refused plaintiff leave to proceed on appeal in forma pauperis. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 Plaintiff's pro se complaint alleges that he was denied the opportunity to present witnesses and to be represented by counsel in a disciplinary proceeding. Plaintiff alleges that some of the testimony at the disciplinary proceeding was perjured and that he was precluded from presenting witnesses that would refute the alleged perjured testimony. Having reviewed the record in this case, we agree with the district court that the denial of some of the witnesses in this matter was not so critical to the proceedings that it constituted a denial of due process. See Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff was permitted to testify and to confront the reporting official at the hearing. The acceptance of the proffer of the testimony at plaintiff's hearing was a means by which the competing interests of the plaintiff within the institution were constitutionally met.
 
 
 5
 Plaintiff also contends that the district court erred in finding that he did not lose good time credits as a result of this disciplinary action. After reviewing the district court's order, we conclude that the district court did not base its decision on whether or not plaintiff lost good time credits. Instead, the district court applied the appropriate due process requirements to the facts of this case.
 
 
 6
 We agree that this appeal is frivolous and therefore DENY the plaintiff leave to proceed in forma pauperis and DISMISS because the plaintiff failed to make a rational argument. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3